ACCEPTED
12-14-00282-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
3/9/2015 12:20:48 PM
CATHY LUSK
CLERK

**12-14-00282- CR**
**12-14-00283-CR**

_____

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
3/9/2015 12:20:48 PM
CATHY S. LUSK
Clerk

**IN THE COURT OF APPEALS**
**FOR THE TWELFTH JUDICIAL DISTRICT**
**TYLER, TEXAS**

_____

**FILED**

3/9/2015

Twelfth Court of Appeals
Cathy Lusk
Clerk

**GENEVA DORIS VASQUEZ**
**V.**
**The State of Texas**

_____

**APPEAL FROM THE 159TH JUDICIAL DISTRICT COURT**
**OF ANGELINA COUNTY, TEXAS**

_____

**ANDERS BRIEF OF APPELLANT**
GENEVA DORIS VASQUEZ

_____

Respectfully, Submitted:

*/s/ John D. Reeves*
JOHN D. REEVES
Attorney at law
1007 Grant Ave.
Lufkin, Texas 75901
Phone : 936-632-1609
Fax: (936) 632-1640
SBOT # 16723000
Email. tessabellus@yahoo.com
**ATTORNEY FOR APPELLANT**

ORAL ARGUMENT NOT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

**Parties:**

Appellant in Trial Court:
Geneva Doris Vasquez
Marlin Unit
TDC # 01960391
801 FM 969
Marlin, Texas 76661


Appellee in Trial Court:

The State of Texas

**Trial and Appellate Counsel**:

APPEAL:
JOHN D. REEVES                      TRIAL    Rudy Velasquez
Attorney at law                                Attorney at law
1007 Grant Ave.                                P.O. Box 308
Lufkin, Texas 75901                            Milam, Texas 75969
Phone: (936) 632-1609                          Phone: (936) 229-0110
Fax: (936) 632-1640                            SBOT# 20540350
SBOT # 16723000


Appellee:

April Ayers-Perez                   TRIAL   Katrina Carswell
Angelina Dist. Attorney                     Angelina Asst. Dist. Atty
P.O. Box 908                                P.O. Box 908
Lufkin, Texas 75901                         Lufkin, Texas 75901
Phone:  936-632-5090                        Phone: 936 632-5090
SBOT#  01921800                             SBOT#: 10482700

# TABLE OF CONTENTS

Page:

IDENTITY OF PARTIES AND COUNSEL……..………….……….…………..ii

TABLE OF CONTENTS……………………………………………………….iii

INDEX OF AUTHORITIES……………………………………….………iv-v

STATEMENT ON ORAL ARGUMENT. ………………….…………...…...1

STATEMENT OF THE CASE……………………………….……………..2-4

STATEMENT OF JURISDICTION.………………………….…………..4-5

ANDERS ISSUES…………………………………………….…….............5

STATEMENT OF FACTS .........................................................................6-7

SUMMARY OF THE ARGUMENT ……….……………….……………8-9

ARGUMENT………………………………………………………………10-21

CONCLUSION  AND PRAYER.…………………………….……………..22

CERTIFICATE OF COMPLIANCE.……………………….………….....22

CERTIFICATE OF SERVICE……………………………. …………………23

# INDEX OF AUTHORITIES

## CASES

### SUPREME COURT CASES

Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967)………2

Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984)...20

Nero v. Blackburn, 597 F.2d 991, (5th Cir. 1979)………………………………..21

### TEXAS CASE LAW

Bessey v. State, 239 S.W.3d 809, (Tex.Crim.App.2007)…………………………15

Caddell v. State, 605 S.W.2d 275,  (Tex. Crim. App. 1980)…..…………………12

Cardona v. State, 665 S.W. 2d 492, (Tex. Crim. App. 1984)…….………………10

Cochran v. State, 78 S.W.3d 20, (Tex. App.—Tyler 2002, no pet.)……..……….12

Cole v. State, 578 S.W.2d 127, (Tex. Crim. App. [Panel Op.] 1979)………..……13

Dinkins v. State, 894 S.W.2d 330, (Tex. Crim. App. 1995) ……………..…… 17

Euler v. State, 158 S.W.3d 88, (Tex. Crim. App. 2007)………………………….20

Ex Parte Delaney, 207 S.W 3d 794, (Tex. Crim. App. 2006)……………………14

Flournoy v. State, 589 S.W.2d 705, (Tex. Crim. App. 1979)……………….…..10

Gutierrez v. State, 108 S.W.3d 304, (Tex. Crim. App. 2003)………………… 11

Hart v. State, 264 S.W.3d 364, (Tex. App.—Eastland 2008, pet. ref'd)………….12

Hoskins v. State, 425 S.W 2d 825, (Tex Crim. App. 1968)…………………………12

Jackson v. State, 877 S.W.2d 768, (Tex. Crim. App. 1994)………………………21

Ladd v. State, 3 S.W.3d 547, (Tex. Crim. App. 1999) ………….……….….. 20

McFarland v. State, 928 S.W. 2d 482, (Tex. Crim. App. 1996)…………………..20

Montgomery v. State, 810 S.W.2d 372, (Tex. Crim. App.1990)…………………18

Moore v. State, 605 S.W.2d 924, (Tex. Crim. App. 1980)……………………….13

Moses v. State, 590 S.W.2d 469,  (Tex. Crim. App. 1979)………………………13

Munoz v. State, 840 S.W.2d 69, (Tex. App.-Corpus Christi 1992, pet. ref'd)……15

Rhoades v. State, 934 S.W.2d 113, (Tex. Crim. App. 1996)……………………..19

Rickels v. State, 202 S.W.3d 759, (Tex. Crim. App. 2006) ……………………..10

Rodriguez v. State, 203 S.W.3d 837, (Tex. Crim. App.2006)……………………18

Seagraves v. State, 342 S.W.3d 176, (Tex. App. 2011)…………………………16

Young v. State, 8 S.W. 3d 656, (Tex. Crim. App. 2000) ………………………...14

## RULES AND OTHER AUTHORITIES
U.S. Const. Amend. VIII; U.S. Const. Amend.  XIV…………………………….19

Tex. Code Crim. Proc. Ann. Art 42.12 sec. 23 (b) (West supp. 2014)……………11

Tex. Code Crim. Proc. Art. 26.13 (Vernon's 2012)……………………...8,11,15-16

Tex .R. App. P. 33.1(a) ……………………………………………………………2

_____

12-14-00282-CR
12-14-00283-CR
_____

IN THE COURT OF APPEALS
FOR THE TWELFTH JUDICIAL DISTRICT
TYLER, TEXAS
_____


Geneva Doris Vasquez
V.
The State of Texas
_____


APPEAL FROM THE 159th JUDICIAL DISTRICT COURT
OF ANGELINA COUNTY, TEXAS

ANDERS BRIEF OF APPELLANT
GENEVA DORIS VASQUEZ

**TO THE HONORABLE COURT OF APPEALS:**


**STATEMENT ON ORAL ARGUMENT**

APPELLANT WAIVES ORAL ARGUMENT


**ANDERS BRIEF OF APPELLANT**

**TO THE HONORABLE COURT OF APPEALS**

COMES NOW, Geneva Doris Vasquez , Appellant, pursuant to Texas Rules of Appellate Procedure, Rule 33.1 by and through his attorney of record, John D. Reeves, who respectfully submits this Anders brief for Appellant and would show as follows: (Anders v. California, 386 U.S. 738, (1967)

## STATEMENT OF THE CASE

Appellant pled guilty to an information for the offense of Burglary of a Habitation on July 18, 2014 in cause 2014-0421, 12-14-00283-CR. (CR Vol. 1 p. 15-18; RR Vol. 2 p. 5-6) The Clerks' record includes a waiver of rights to indictment by a Grand Jury. (CR Vol. 1 p. 13-14) The Clerks record includes a written plea admonishments-waivers- stipulations signed on July 18th, 2014. (Cause 2014-0421 CR Vol. 1 p. 15-18) In addition, the appellant pled true to allegations she violated her probation for the offense of Credit Card Abuse on July 18, 2014 in cause 2012-0039. (2012-0039 CR Vol. 1p. 58-59), (Cause 2014-0421) Sup. CR Vol. 1 p. 6, RR Vol. 2 p.5), The trial court ordered a pre-sentence investigation and a sentencing hearing was conducted on August 29th, 2014. (RR Vol. 3) After the sentencing hearing on August 29th, 2014 the appellant was sentenced in 2012-0039 to two years (2) in the State Jail for offense of Credit Card Abuse. (Cause 2012-0039, CR Vol. 1 p. 56-57, RR Vol. 3 p. 11-12) (In cause

2.

2014-0421 the appellant was sentenced to fifteen (15) years in the ID-TDCJ for the offense of burglary of a habitation. The sentences were ordered to run concurrently. (Cause 2014-0421 CR Vol. 1p. 19-20) RR Vol. 3 p. 11-12) A corrective judgment revoking community supervision was signed and filed with the District Clerk on September 3, 2014. (Cause 2012-0039 CR Vol. 1 p. 58-59) Notice of appeal was filed by trial counsel on September 26th, 2014 in both cases. (Cause 2014-0421 CR Vol. 1 p. 21)

The trial court signed a trial court certification on July 18, 2004 denying appellant a right of appeal in cause 2014-0421 prior to the sentencing on August 29, 2014. (Cause 2014-0421, CR Vol. 1 p. 9) In cause 2012-0039 at the time of the plea on July 18, 2014 the trial court also signed a trial court certification denying an appeal. (Cause 2012-0039, CR Vol. 1 p. 50) Thereafter, a sentencing hearing was conducted on August 29th, 2014. (RR Vol. 3.) The trial court signed a trial court certification denying appellant's right to appeal on September 29th, 2014. (Cause 2014-0421, CR Vol. 1 p. 25)(Denying appellant's right to appeal in cause 2014-0421 and 2012-0039) By order of this court filed with the Angelina District Clerk December 4, 2014, the trial court conducted a hearing and made findings of fact regarding appellant's right of appeal in each case. (Cause 2012-0039, 2014-0421) (Sup. CR p. 12-13) Appeal was denied except for sentencing in cause 2012-0039

3.

and 2014-0421. (Sup. CR Vol. 1 p. 12-13) At that time the trial court also appointed counsel for appellant's appeal in each case. (Supp. CR p. 14) Subsequently, in response to this Courts Per Curiam Order on Abatement and Remand, the trial court signed a recertification of appellant's right of appeal in each case. The recertification in each case was filed February 20, 2015. In cause 2012-0039 the court certified the appeal giving the appellant the right of appeal of the revocation proceeding. (Supp. CR. Vol. 2) The trial court recertified appeal in cause 2014-0421 with unlimited right of appeal. (Sup. CR Vol. 2) In Cause 2012-0039 the CR does not include a specific waiver of appeal signed by the appellant after sentencing on August 29th, 2014. Inappropriate trial court certifications were entered on September 29, 2014 as set out previously. Counsel was appointed to pursue appellant's appeal on December 4, 2014 and file a docketing statement with the 12th Court of Appeals by December 14th. 2014. (Sup. CR Vol. 1 p. 14) The order for designation of records was signed by the trial court on October 24th, 2014 for the Clerk's Record and the Reporter's Record.

## STATEMENT OF JURISDICTION

The trial court recertified appeal which was filed on March 2, 2015 by supplemental record. A supplemental Trial Court Certification was filed with the

4.

appropriate signatures of the trial court, appellant and appeal Counsel after the filing of the CR in each cause and after the Clerks filing Supplemental Clerk's Record Vol. 1. It should be reflected in Supp. CR Vol. 2

## ANDERS ISSUES CONSIDERED

1. **Did the trial court abuse its discretion in revoking the appellants probation after finding appellant violated the terms of her community supervision in cause 2012-0039, 12-14-00282-CR?**

2. **Did the appellant waive her right of appeal on guilt/innocence in Cause 2014-0214, 12-14-00283-CR?**

3**. Is the appellant's plea of guilty in cause 2014-0421, 12-14-00283- CR, free and voluntary and were proper admonishments given by the trial court?**

4. **Is there error in the admission of State's exhibit one and was there any error regarding trial objections?**

5. **Is the sentence of the trial court in 12-14-00282-CR and 12-14-00283-CR disproportionate in violation of the Eighth Amendment and Fourteenth Amendments to the United States Constitution?**

6. **Did trial counsel provide ineffective assistance?**

# STATEMENT OF FACTS

The appellant appeared before the trial court in 2012-0039 and 2014-0421 on July 18th, 2014. The record reflects the court addressed 2012-0039 first. (RR Vol. 2 p. 4) The appellant waived a reading of the State's motion to revoke. (RR Vol. 2 p. 5) The appellant entered a plea of true to the allegations she violated probation. (RR Vol. 2 p. 5) After admonition of the range of punishment in 2014-0421 the appellant entered a plea of guilty to the offense of burglary of a habitation. (RR Vol. 2 p. 5-6) The appellant stated her plea of true to the revocation and plea of guilty to the burglary were free and voluntary. ( RR Vol. 2 p. 6) The appellant admitted she waived her right to a revocation hearing and a right to a jury trial in the respective matters. ( RR Vol. 2 p. 7) It was announced there was no plea bargain in either matter. ( RR Vol. 2 p. 8) The trial court ordered a pre-sentence investigation. (RR Vol. 2 p. 8-9) States exhibit one was offered without objection. (RR Vol. 4) This exhibit is actually Written Plea Admonishment in 2012-0039 when appellant pled to the credit card abuse in March 2012, wherein the appellant agreed to two years for five years probation and a five hundred dollar fine for the offense of credit card abuse. ( RR Vol. 4 p)

On August 29, 2014 the trial court called both cases. After sorting out the cases the appellant pled true to the allegations in the Motion to Revoke in the credit

card abuse case and guilty in the burglary of a habitation case and the court proceeded with the sentencing. ( RR Vol. 3 p. 2-3)  The defense  objected to the PSI report  and desired to offer evidence. The appellant was called   and admitted she pled true to the allegations she violated her probation and guilty to burglary of a habitation. ( RR Vol. 3 p. 6-7)  She explained that the probation officer who interviewed her regarding the PSI left some information out of the report. ( RR Vol. 3 p. 7)  The information concerning the appellant was that she is suicidal and tried to commit suicide "many times in the past." ( RR Vol. 3 p. 8)  She explains she was raped while in State Jail by three women and the prison officials did nothing about it.  She stated she has attempted suicide approximately ten times. ( RR Vol. 3 p. 8)  The appellant was upset because she advised the probation officer who interviewed her for the PSI report and this information was not included in it. ( RR Vol. 3 p. 8-9)  The court made inquiry regarding the appellant's criminal history and acknowledged her attempts to commit suicide while in custody on prior occasions. ( RR Vol. 3 p. 9-10)  The trial court sentenced the appellant  in 2012-0039 to two years (2) in the State Jail Division for credit card abuse and to fifteen (15)  years in 2014-0421  in the TDCJ-ID for the offense of Burglary of a Habitation.  ( RR Vol. 3 p. 11-12; CR Vol. 1 p. 19-20)

## SUMMARY OF THE ARGUMENT

Six issues are presented as a basis for appeal which is stated in Anders Issues considered. The first issue is whether the trial court abused its discretion in revoking appellant's probation. Counsel believes the trial court did not abuse its discretion as the appellant pled true to all the allegations contained in the State's motion to revoke probation. Further, the appellant admitted at the time of the plea and at sentencing that the allegations were true. The second issue is whether the appellant's right to appeal was waived in regard to her plea of true and guilty. Appeal attorney believes her right to appeal her plea was not waived in reviewing the plea waiver and trial court certification signed after sentencing. Appellant addresses this point in order to address the voluntariness of appellant's plea The third issue is whether the appellant's plea of guilty was entered freely and voluntarily and whether the trial court properly admonished the appellant? Appeal counsel finds there is not a properly executed waver and stipulations concerning her plea of guilty to the entire allegations contained in the State's Indictment. Also, appellate counsel finds the trial court improperly admonished the appellant in regard to her right of appeal. However, counsel does not find this requirement as necessary in regard to Tex. Code Crim. Proc. Art 26.13. The required admonition regarding the appellant's range of punishment in the burglary of a habitation case

8.

was given. The admonition although not required in a revocation proceeding was given. Counsel finds that appellant's plea of guilty was free and voluntary and that appellant was competent. Fourthly, appeal counsel considers the admissibility of the State's one exhibit and any error regarding trial objections. Counsel finds the one exhibit was admitted without objection. There was an objection to the pre sentence investigation however, trial counsel produced the evidence for the trial court to consider regarding the appellant's suicidal tendencies. The one objection not ruled upon in favor of the defense was not pursued by the defense as a result of the appellant testifying . Fifthly, counsel considers whether the sentence rendered by the trial court was disproportionate in violation of the U.S. Constitution. There was no objection made in the trial court as to the sentence rendered. The trial court gave a reasoned explanation regarding the sentencing. The sentence in this case is within the parameters of the Texas Penal Code regarding punishment for a State Jail felony in regard to 12-14-00282-CR and 12-14-00283-CR. for a second degree felony. Lastly, appeal counsel considers whether trial counsel was ineffective. The record reveals trial counsel presented evidence through the appellant at the time of the pleas in each case and at sentencing. Counsel finds there is no basis on the record to support ineffective assistance of counsel.

9.

## ARGUMENT

**1. Did the trial court abuse its discretion in revoking the appellants probation after finding appellant violated the terms of her community supervision in cause 2012-0039, 12-14-00282-CR?**

In the instant matter the appellant entered a plea of true to the allegations contained in the State's amended motion to revoke community supervision. (RR Vol. 2p. 2, 6) (Cause 2012-0039, CR Vol. 1 p. 47-49)  The appellant also signed a written waiver and consent to stipulation of testimony and stipulation. (CR Vol. 1 p. 51-53)  In community supervision revocation cases, the State has the burden to establish by a preponderance of the evidence that the terms and conditions of community supervision have been violated. Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The preponderance of the evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated. Rickels v. State, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006).  The trial court determines if the State has met its burden of proof. If no procedural issue is raised, the decision whether to revoke community supervision is within the discretion of the trial court. Flournoy v. State, 589 S.W.2d 705, 708 (Tex. Crim. App. 1979). At the time of the plea the trial court inquired if the plea of true was free and

10.

voluntary and if there was a waiver of the reading of the allegations. (RR Vol. 2. 6, 7) The trial court admonished the appellant that she had a right to a hearing in regard to the revocation.( RR Vol. 2 p. 7) However, the trial court wrongly advised appellant she had waived a right to an appeal ( RR Vol. 2p. 6-7) As this court is well aware the appellant has the right to appeal the conviction and sentence. (Tex. Code Crim. Proc. Ann. Art 42.12 sec. 23 (b) (West supp. 2014.)

To consider if the trial courts error regarding an appellant's right of appeal is sufficient to rise to establish an abuse of discretion in revoking appellant's probation, counsel considers if the error is sufficient. The appellant was admonished concerning the range of punishment. (RR Vol. 2 p. 4) In Gutierrez v. State, the court of criminal appeals held that a trial court is only required to admonish a defendant of the punishment range before he or she pleads guilty to a felony offense and not before he or she pleads true in a revocation proceeding. 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003)

> ("[I]n the context of revocation proceedings, the legislature . . . has not required the court to inquire as to the existence of a plea agreement or admonish the defendant pursuant to 26.13."); see also Aguirre-Mata v. State, 125 S.W.3d 473, 475 (Tex. Crim. App. 2003) (stating that Boykin v. Alabama, 395 U.S. 238, 89Page 3S. Ct. 1709 (1969), "clearly did not hold that due process requires the equivalent of the Article 26.13(a) admonishments or an admonishment on the range of punishment" to a defendant pleading guilty); cf. Tex. Code Crim. Proc. Ann. art. 26.13(a) (1) (West 2009 &

11.

Supp. 2014) (stating that before a trial court accepts a guilty plea or plea of nolo contendere, it shall admonish the defendant of the range of punishment attached to the offense).

In this matter the trial court advised the appellant of the range of punishment even though not required. (RR Vol. 2 p. 4) As such the error of the trial court regarding the right of appeal does not rise to a circumstance as may be found in regard to a plea of guilty. Appellant finds no basis to address the trial courts error as it relates to the finding of the plea of true and the sentence imposed by the trial court. As this court has held, an appeal from an order revoking community supervision is generally limited to the propriety of the revocation. Hoskins v. State, 425 S.W 2d 825,828 (Tex Crim. App. 1968)

Appellant now considers the record as it relates to the trial court's order revoking community supervision and whether the trial court abused its discretion. Caddell v. State, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). In the instant matter the trial court finds several violations of community supervision conditions as a result of the appellant's plea of true. (RR Vol. 3 p. 4) The proof of any single allegation is sufficient. See Hart v. State, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd); Cochran v. State, 78 S.W.3d 20, 28 (Tex. App.—Tyler 2002, no pet.). In other words, if there is some evidence to support the finding of

12.

even a single violation, the revocation order must be upheld. <u>Cochran</u>, 78 S.W.3d at 28 (citing <u>Moore v. State</u>, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). A plea of "true, " standing alone, is sufficient to support a revocation of community supervision. <u>Moses v. State</u>, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); <u>Cole v. State</u>, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979) In this matter appellant's plea of true is sufficient to find appellant violated the terms of community supervision as alleged and the trial court did not abuse its discretion.

**2.**

**Did the appellant waive her right of appeal on guilt/innocence in Cause 2014-0214, 12-14-00283-CR?**

In this matter the plea was without agreement. (RR Vol. 2 p.8) In order to consider the second possible issue of the voluntariness of appellant's entry of her plea, appeal counsel first considers this issue of waiver of appeal. The appellant signed a waiver of appeal at the time of her plea in regard to guilt/innocence; however this was prior to the sentence. The waiver was signed July 18, 2014 and the sentence was August 29th, 2014. ( Cause 2014-0421 , CR Vol. 1 p. 9,15-18 ; RR Vol. 2 p.7) The waiver of appeal in the written plea admonishments-waivers-and stipulations is ineffective. (Cause 2014-0421, CR Vol. 1 p. 15-18) Contained in this stipulation is "Waiver of right to appeal: If consideration was given by the

State for my plea of guilt or no contest, I knowingly, intelligently, and voluntarily waive my right to appeal". (Cause 2014-0421, CR Vol. 1 p. 16) The admonishments include the waiver of time provided to appeal. CR Vol. 1 p. 16) additionally, the document contains a paragraph on Permission to Appeal.

> Where you plead guilty or nolo contendre (no contest) with a plea bargain agreement and the punishment assessed does not exceed the agreement between you and the prosecutor, the Court must give permission before you can appeal on any matter in the case except for those matters raised by written motion filed before trial. Where you plead guilty or nolo contendre without a plea bargain agreement, all nonjurisdictional defects, including claimed deprivations of federal due process, are waived and no appeal may be made. (CR Vol. 1 p. 15)

In light of Delaney, the waiver as contained in the document is ineffective as it is prior to the appellant knowing what the punishment would be. ( Ex Parte Delaney, 207 S.W 3d 794, 797 ( Tex. Crim. App. 2006) In the instant matter as reflected upon by the court, and pursuant to Young v. State, appellant did not waive a right to any appeal and thus counsel will consider the voluntariness of the appellant's plea. Young v. State, 8 S.W. 3d 656, 666-667 (Tex. Crim. App. 2000)

**3.**

**Is appellant's plea of guilty free and voluntary and accepted with proper admonishment to the appellant?**

14.

In the instant matter, the appellant was admonished regarding the range of punishment. (RR Vol. 2 p. 5-6)  The appellant stated the plea was entered without force, threat or abuse and was voluntary. (RR Vol. 2 p. 6)  The appellant states she is pleading guilty because she is. (RR Vol. 2 p. 6-7) The trial court confirmed that appellant had waived the right to jury trial, appeal, and cross examination of witnesses among others. (RR Vol. 2 p. 7)  The admonition regarding the waiver of appeal was erroneous. The only exhibit offered was without objection. (RR Vol. 2 p. 9, RR Vol. 4)  The exhibit was a copy of the stipulations entered at the time of the appellant's original plea in regard to Cause 2012-0039)   A pre-sentence investigation was ordered. (RR Vol. 2 p. 9)

In admonishing the defendant, there must be a determination if the trial court substantially complied with Tex. Code. Crim. Proc. Ann. Art. 26.13.

> A] court's failure to properly admonish a defendant cannot be forfeited and may be raised for the first time on appeal unless it is expressly waived." <u>Bessey v. State</u>, 239 S.W.3d 809, 812 (Tex.Crim.App.2007).

The trial court may make the admonitions either orally or in writing. Tex. Code Crim. Proc. Ann. art. 26.13(d); <u>Munoz v. State</u>, 840 S.W.2d 69, 75 (Tex. App.-Corpus Christi 1992, pet. ref'd).  The appellant was admonished orally as set above. (RR Vol. 2 p. 4-8) In addition, as previously set out there was a written plea

15.

admonishments –waivers- stipulations which contained error regarding appellant's right of appeal. What is substantial compliance? In <u>Seagraves</u>, the Texarkana court considered what is substantial compliance regarding required admonitions. <u>Seagraves v. State</u> , 342 S.W.3d 176 (Tex. App. 2011) The court stated there must be a affirmative showing that the defendant was not aware of the consequences of the plea and was "misled or harmed by the admonishment of the court. <u>Seagraves</u>, supra, at, [342 S.W.3d 183]. Tex. Code Crim. Proc. Ann. art. 26.13(c).

> If the trial court substantially complies with Article 26.13,9 the defendant has the burden, under Article 26.13(c), to show he or she pled guilty without understanding the consequences of that plea and, consequently, suffered harm. Martinez, 981 S.W.2d at 197; Redd v. State, No. 06–08–00001–CR, 2008 WL 4613805, 2008 Tex. App. LEXIS 7969 (Tex. App.-Texarkana Oct. 20, 2008, no pet.) (mem. op., not designated for publication). admonishment is deemed substantial compliance" with the statutory requirement.

A review of the cases regarding admonishments is generally when the trial court does not properly admonish the defendant as to the correct range of punishment or the consequences regarding enhancement paragraphs as shown in <u>Seagraves</u>, supra. The appellate review is whether there is harmless error. It is to determine if the error in regard to appeallant's plea rendered appellant's plea involuntary or caused harm to the appellant.

Martinez v. State, 981 S.W. 2d 195, 196 (Tex. Crim. App.

16.

1998), and Gonzales v. State, 746 S.W.2d 902 (Tex. App.-Corpus Christi 1988, no pet.) (citing Weekley v. State, 594 S.W.2d 96 (Tex. Crim. App. [Panel Op.] 1980) The Court of Criminal Appeals has consistently applied this standard. High v. State, 964 S.W.2d at 638; Cain v. State, 947 S.W.2d 262, 264 (Tex.Crim.App.1997).

Appeal counsel cannot direct this Honorable court to the record which provides appellant did not understand the consequence of her plea and was misled and harmed as a result of the trial courts error regarding appellant's appeal rights. Tex. Code. Crim. Procedure art. 26.13 does not address an admonishment regarding appeal. In addition, appellant testified in punishment that she violated her probation and committed the offense of burglary of a habitation. (RR Vol. 3 p. 7) The appellant admitted when first questioned that she pled guilty to the burglary of habitation without force, threat, abuse and voluntarily. ( (RR Vol. 2 p. 6)

**4.**

**Is there error in the admission of State's exhibit one and was there any error regarding trial objections?**

State's exhibit one was admitted without objection. (RR Vol. 2 p. 8-9) Generally, it is held that a timely objection must be made in order to preserve an

17.

error in the admission of evidence. <u>Dinkins v. State</u>, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995)   After review of the record only one objection was made by trial counsel in the sentencing. (RR Vol. 4 p. 5)   As was stated by counsel is the objection that appellant had a history of attempting suicide. (RR Vol. 4 p. 7-9)  The one objection that was not ruled upon by the trial court as defense counsel did not pursue it -as he made a record of the testimony he wanted included in the pre sentence report.   There being no basis for arguing an erroneous admission of either State's exhibit one or the lone objection to the pre-sentence report, appellate counsel does not reach an issue of whether the substantial rights of the appellant were disregarded. In viewing the trial court's decision to admit or exclude evidence and whether there was an abuse of discretion it is generally been determined that the trial court is in the best position to decide questions of admissibility, and will be upheld if a trial court's decision to admit or exclude evidence is "within the zone of reasonable disagreement" when reviewed under an abuse of discretion standard. <u>Rodriguez v. State</u>, 203 S.W.3d 837, 841 (Tex. Crim. App.2006); <u>Montgomery v. State</u>, 810 S.W.2d 372, 390-91 (Tex. Crim. App.1990). Appeal counsel believes there was no preserved error regarding the exhibit or the objection by defense counsel regarding the PSI. As such, appeal counsel finds no harm in relation to the record to subvert the substantial right of the appellant to require a reversal of the

18.

trial courts sentence.

**5.**

**Was the trial court's   sentence of two years State Jail in cause 12-14-00283-CR and fifteen (15) years in cause 12-14-00283-CR  a disproportionate sentence in violation of the Eighth Amendment and Fourteenth Amendments to the United States Constitution?** (U.S. Const. Amend. VIII; U.S. Const. Amend.  XIV.)

The sentence of two years State Jail in 12-14-00282-CR is within the penalty range of a State Jail felony in the State of Texas. The sentence of fifteen years in the ID-TDCJ in 12-14-00283-CR is within the penalty range of a second degree felony in the State of Texas.  In this matter there was no objection to the trial court concerning the sentence in either case.  There was no allegation or complaint that the sentence is grossly disproportionate, constituting cruel and unusual punishment, and as such the error if any was not preserved for review.  See, Tex .R. App. P. 33.1(a); Rhoades v. State, 934 S.W.2d 113, 119-20 (Tex. Crim. App. 1996). The trial court explained his rationale for the sentenced assessed.  (RR Vol. 3 p. 8-12)     Here, after the trial court announced its sentence at the punishment hearing and  appellant made no objection to the trial court about the punishment assessed and did not assert her claim under the Eighth Amendment and the Texas Constitution in the trial court. (RR Vol. 3 p. 11-12) The trial court explained that it

19.

gave due consideration to the criminal history and history of suicide attempts. (RR p. 11-12) Appeal counsel believes appellant has waived her cruel and unusual punishment complaint. See Ladd v. State, 3 S.W.3d 547, 564 (Tex. Crim. App. 1999) There is no evidence that the appellant's sentencing process did not provide fundamental fairness. U.S. Const., Amend XIV. Euler v. State, 158 S.W. 3d 88, 91 (Tex. Crim. App. 2007)    Fundamental fairness requires that an accused receive a fair trial. In the instant matter, the appellant's testified to her history of suicide attempts while in the Texas Department of Criminal Justice and her complaint regarding the department not investigating properly. (RR Vol. 3 p. 8-10)

**6.**

**Was trial counsel's representation ineffective?**

The standard promulgated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984) requires a two step analysis. First it requires a demonstration that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. To satisfy this requirement appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. McFarland v. State, 928 S.W. 2d 482, 500 (Tex. Crim. App. 1996) This Honorable court then will judge a claim of ineffectiveness based on the

20.

totality of the representation. Strickland, supra, 466 U.S. at 695-96, 104 S. Ct. at 2069. The presumption is that trial counsel was effective. See, Jackson v. State, 877 S.W.2d 768,771 (Tex. Crim. App. 1994). Trial counsel did present evidence through the appellant's testimony. The appellant was the only witness. As stated by trial counsel the appellant wanted the trial court to become aware of her history of suicide. Trial counsel was in error regarding the right of appellant to appeal each case but did file a notice of appeal. Appeal counsel finds no basis to determine trial counsel's strategy or to ascertain of what value it might have been to call or not to call other witnesses. The appellant's testimony as set out previously supports the facts of the indictment the appellant pled guilty to. The appellant's testimony supports her plea of true to the allegations she violated probation. Appeal counsel does not find support from the record to argue "but for" trial counsels decisions in the sentencing hearing there would have been a different result. In reviewing the totality of trial counsel's representation and presentation of evidence as considered above- the record does not present evidence of trial counsel falling below the objective standard of reasonableness and professional norms. Strickland, supra. Further, appellant counsel does not find a single egregious error or omission that will constitute ineffective assistance. Nero v. Blackburn, 597 F.2d 991, 994 (5th Cir. 1979) As such, appellate counsel offers this Anders Brief.

21.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant's counsel respectfully requests, as relief, that he be allowed to withdraw as this appeal is frivolous and so advise Appellant so that she may pursue a pro se brief if he so desires, or alternatively to appoint other counsel for Appellant in the prosecution of this appeal.

Respectfully considered,

*/s/John D. Reeves*

_____

JOHN D. REEVES
Attorney at law
1007 Grant St.
Lufkin, Texas 75901
Phone: (936) 632-1609
Fax: (936) 632-1640
SBOT # 16723000
Email: tessabellus@yahoo.com
ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

I, John D. Reeves Counsel for appellant hereby certify that this brief exclusive of the rule provisions that do not provide counting contains 4,137 words.

*/s/John D. Reeves*

_____

John D. Reeves

22.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Appellant's Brief on 9th day of March, 2015 been forwarded to the State's Counsel, April Ayers, Perez, Assistant District Attorney of Angelina County , by E filing.

/s/John D. Reeves
_____

John D. Reeves
Attorney for Appellant
Geneva Doris Vasquez

23.