ACCEPTED
06-14-00185-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/17/2015 11:35:23 AM
DEBBIE AUTREY
CLERK

CAUSE NO. 6-14-00185-CR

(Trial Court Cause CR14-192 from the 4th District Court of Rusk County, Texas)

IN THE

THE SIXTH DISTRICT COURT OF APPEALS

FOR THE

STATE OF TEXAS at TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
3/17/2015 11:35:23 AM
DEBBIE AUTREY
Clerk

---

VINCENT MONROW FRIEMEL

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

---

**STATE'S REPLY TO APPELLANT'S BRIEF**

---

MICHEAL JIMERSON
County & District Attorney
Rusk County, Texas

RICHARD W. KENNEDY
First Assistant County & District Attorney
Bar I.D. No. 11296850

Rusk County Courthouse
115 N. Main St.  Suite 302
Henderson, Texas 75652
ph:  (903) 657-2265
fax: (903) 657-0329

1

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ............................................................................... 3

STATEMENT OF THE CASE ............................................................................. 4

STATEMENT OF FACTS ................................................................................. 5

SUMMARY OF ARGUMENT................................................................................ 7

ARGUMENT AND AUTHORITIES ........................................................................8

### State's Response to Appellant's Issues

A.    The trial court was not required to admonish Appellant as to parole considerations so the Court did not err when it did not admonish Appellant about the effect of parole pursuant to a deadly weapon finding ........................8

B.    The State takes no position as to whether the trial court erred when it ordered the Appellant to reimburse the County for his fees paid on his behalf to his court-appointed attorney .........................................................10

CONCLUSION ................................................................................................ 11

PRAYER ...................................................................................................... 11

CERTIFICATE OF SERVICE.............................................................................. 12

# INDEX OF AUTHORITIES

STATUTES                                                                                          Page

TEX. CODE OF CRIMINAL PROCEDURE ART 26.13........................................................ 8, 9,10

TEX. CODE OF CRIMINAL PROCEDURE ART. 42.12 (3)(g)(a) 2) ...................................... 7

TEX. PENAL CODE ANN. ART. 46.04 ............................................................................. 7


## FEDERAL CASES

*Hill v. Lockhart*, 474 U.S. 52 ( 1985)...................................................................................9


## STATE CASES

*Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.–Houston [1st Dist.] 2006, no pet.). ........  8

*Davison v. State,* 405 S.W.3d 682 (Tex. Crim. App. 2013)...............................................  9

*Dominguez v. State,* 2010 Lexis 4979 (Tex. App.–Tyler)(not designated for publication)..  8

*Ex Parte Evans,* 690 S.W.2d 274, 279 (Tex. Crim. App. 1985)........................................  9

*Houston v. State*, 201 S.W.3d 212, 217 (Tex. App.–Houston [14th Dist.] 2006, no pet.)...  8

*Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).....................................  8

*Seagraves v. State*, 342 S.W.3d 176 (Tex. App. -- Texarkana 2011, no pet. )...................  9

*Thomas v. State*, 2 S.W.3d 640 (Tex. App.-- Dallas 1999, no pet.)....................................  9

CAUSE NO. 6-14-00185-CR

(Trial Court Cause CR14-192 from the 4th District Court of Rusk County, Texas)

IN THE

THE SIXTH DISTRICT COURT OF APPEALS

FOR THE

STATE OF TEXAS at TEXARKANA, TEXAS

---

VINCENT MONROW FRIEMEL,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

---

## STATE'S REPLY TO APPELLANT'S BRIEF

---

**TO THE HONORABLE COURT OF APPEALS**:

Comes now the State of Texas, by and through the undersigned Assistant County & District Attorney, and respectfully urges this Court to overrule Appellant's alleged errors and affirm the judgment and sentence of the trial court in the above-numbered cause.

### STATEMENT OF THE CASE

Appellant Vincent Monrow Friemel was charged by indictment in Cause CR14-192 with the third degree felony offense of Evading With a Vehicle. The indictment contained an allegation that Friemel used or exhibited an automobile as a deadly weapon while committing the offense of evading. CR 5 On September 15, 2014, Appellant, with his attorney, Roscoe Darryl Bennett,

4

entered a guilty plea without a negotiated sentence recommendation (an "open plea to the Court").

RR II. Appellant specifically pleaded guilty to the indictment and true to the allegation that he used or exhibited a deadly weapon as set out in the indictment. RR II 7-8. On the 10th day of October, 2014, the trial court conducted a punishment hearing. RR III. After hearing evidence and argument, the trial court assessed a nine (9) year prison sentence with a deadly weapon finding. RR III, 34 and Judgment CR 46-48 Appellant timely filed his notice of appeal perfecting this appeal of the trial court's judgment.

## STATEMENT OF FACTS

On May 6, 2014 the Grand Jury of the 4th District Court in Rusk County returned a true bill against Vincent Edward Friemel for the third degree felony offense of Evading Arrest or Detention with a Vehicle. CR 5 The cause number was CR14-192. CR 5 The Indictment also contained an allegation that Appellant used or exhibited a deadly weapon, an automobile, in the course of committing the offense of evading. CR 5.

On September 15, 2014 Appellant, accompanied by his attorney Roscoe D. Bennett, entered a plea of guilty to the indictment. RR II, 1-10. Appellant was fully admonished of all of his rights both orally and in writing. RR II, 1-10; CR 33-37. Thereafter he entered his plea of "guilty" to the offense alleged and "true" to the deadly weapon allegation. RR II 8, CR 33-37. Defendant did not enter his plea with a plea bargain, rather his plea was "open" to the trial court. CR 35, RR II 5-6. The record does reveal that the State made an offer but that Appellant did not accept that offer. RR III, 18. Appellant had two other indictments dismissed by the State in return for his guilty plea to evading. RR II, 5. He thereby avoided punishment for those offenses.

The trial court was very clear as to what Appellant was doing by entering a plea without a plea

agreement, especially as to the range of punishment that he faced and how the case would proceed from plea to sentencing. RR II, 5-6. Defendant's mental health was not an issue. RR II, 6. His rights to a jury trial for both guilt and punishment were clearly explained to him by the Court and in writing. RR II, 7; CR 33-37. He knew that he was pleading guilty to the indictment, including the deadly weapon allegation. RR II, 7-8. The trial court ordered that a Pre Sentence Investigation ("PSI") be prepared. Having found Appellant guilty as charged, the trial court recessed the case for the preparation of the PSI.

At the punishment hearing on October 10, 2014 the trial court acknowledged that he had the PSI and that he had read it. RR III, 3. The State offered judgments which showed that Appellant had previously been convicted of the state jail felony offense of unauthorized use of a motor vehicle in Gregg County, was granted probation in that matter, that probation was later revoked and he was then sentenced to 9 months confinement in a state jail. RR III, 4.

Also, the trial court heard testimony from Trooper Ricardo Fabbiani, the Texas DPS officer from whom Appellant fled. The Trooper's in-car video showed Appellant's high speed flight which endangered other drivers and Appellant throwing a shotgun out of his window while fleeing. . That shotgun hit the Trooper's windshield, destroying it and smashing his camera. RR III, 6-12. Fabbiani was not injured when the shotgun shattered his windshield but it did cause him to wreck his patrol car. RR III, 12.

Fabbiani also described Appellant's attempt to avoid responsibility for the offense. Appellant told officers that he gave a ride to an unknown black man who forced him at gun point to run from the trooper and throw the shotgun out. RR III, 10. Appellant did have a female passenger that day.. When Fabbiani spoke to her, she initially tried to lie to support Appellant's tale of coercion

6

by the unknown black male. Eventually she admitted that the story about the unknown black guy forcing Appellant to commit the crime was not what happened. RR III, 11.

When Appellant testified at the punishment phase, his lawyer made it clear to Appellant that he was going to get a prison sentence, not probation:

Q:     Well, you know this Judge is going to sentence you to prison, don't you?

A:     "Yes, sir"

RR III, 18

Yet, Appellant's next testimony indicated that he hoped (delusively) for probation and drug treatment. RR III, 18.    Once the trial court found the deadly weapon allegation true, probation was not an option . RR II, 9 . See **TEX. PEN CODE. ANN. ART. 42.12 (3)(g)(a) 2.**    Appellant correctly recognized that he could not even ask a jury for probation because he was a previously convicted felon. At the time of Appellant's testimony at the punishment phase of his trial, the trial court had already found the deadly weapon allegation "true," so Appellant was not eligible for a probated sentence. RR II, 9. In this matter, under these facts, Appellant could not receive a probated sentence from the trial court.    Though he was aware of that fact,  he asked for probation anyway.

Eventually, Appellant admitted he made up "the black guy made me do it" story. RR III, 21. He further admitted that he knew it was illegal for him as a convicted felon to possess firearms, he did own and possess firearms. RR III, 25.  Thus he admitted to multiple commissions of the third degree felony of Unlawful Posession of a Firearm by Felon. *See* **TEX. PENAL CODE ANN. ART. 46.04**

## SUMMARY OF THE ARGUMENT

There is no authority which requires that a trial court admonish a defendant about parole

7

before accepting a defendant's guilty plea. Therefore, the trial court did not err when it substantially complied with the admonitions that are required pursuant to **TEX. CODE. CRIM. PROC. ANN. ART. 26.13.** The State takes no position on the payment of attorney's fees order but suggests that the proper relief, if any, is to reform the judgment removing the order of payment.

<u>ARGUMENTS AND AUTHORITIES</u>

ISSUE NUMBER ONE

<u>Did the trial court reversibly err in failing to admonish the defendant of the consequences of a deadly weapon finding on the sentence assessed in his case?</u>

The trial court committed no error because parole is not something the trial court has to warn a defendant about before that court accepts a guilty plea. . Article 26.13 sets out the required admonishments to be given prior to a guilty plea are regulated by **TEX. CODE. CRIM. PROC. ANN. ART. 26.13.** Parole is not an admonishment contemplated therein. It is sufficient to correctly inform a defendant as to the range of punishment he faces should he be convicted of the offense to which he intends to enter a plea of guilty. **TEX. CODE. CRIM. PROC. ANN. ART. 26.13**(a)(1)

When a record shows that a defendant was properly admonished, it presents a *prima facie* showing that the guilty plea was knowing and voluntary. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.–Houston [1st Dist.] 2006, no pet. The burden to show that a guilty plea was given involuntarily shifts to defendant. *Martinez* 981 S.W.2d at 197. A defendant who informs the trial court that he understands the nature of his plea and that his plea was voluntary has a heavy burden on appeal to show that his plea was involuntary. *Houston v. State*, 201 S.W.3d 212, 217 (Tex. App.–Houston [14th Dist.] 2006, no pet.); *see also* *Dominguez v. State*, 2010 Lexis 4979 (Tex. App.–Tyler)(not designated for publication).

8

In a case quite similar to the one now before the Court, the Dallas Court of Appeals affirmed a defendant's conviction based on his guilty plea to aggravated assault with a deadly weapon because the defendant could not rebut the presumption that his plea was voluntary. *Thomas v. State*, 2 S.W.3d 640 (Tex. App.-- Dallas, 1999) (mere fact that appellant received a higher punishment that he expected or hoped for did not render his guilty plea involuntary).

The granting of parole is so speculative that mere erroneous advise about parole attainment does not render a plea involuntary unless it can be shown that parole attainment was an element of a plea bargain. *Ex Parte Evans*, 690 S.W.2d 274, 279 (Tex. Crim. App. 1985).

In a case in which Appellant claimed he was harmed by incorrect parole advise, the United States Supreme Court rejected his claim of ineffective assistance of counsel because Appellant did not show that he placed "particular emphasis on his parole eligibility in deciding whether or not to plead guilty". *Hill v. Lockhart*, 474 U.S. 52 (1985). There is nothing in the record that indicates that parole was of any special concern to today's Appellant.

Appellant does not complain that he suffered from ineffective assistance. Rather he claims that the trial court should have given him more warnings and admonitions than Texas law requires of a trial judge. There simply is no authority requiring a trial court to give admonitions about parole.

Failing to admonish on what is *required* (emphasis added) by the statute is not always fatal to a guilty plea. *Davison v. State*, 405 S.W.3d 682 (Tex. Crim. App. 2013); *Seagraves v. State*, 342 S.W.3d 176 (Tex. App.--Texarkana, 2011, no pet.)

**TEX. CODE. CRIM. PROC. ANN. ART. 26.13** informs a trial court with specificity what warnings and admonitions are required for a guilty plea to be voluntary. Appellant was warned that he faced a sentence up to 10 years in prison. He received a nine year sentence, which sentence does

not exceed the maximum available to trial court. A nine year sentence for a third degree felony crime is a legal sentence. There is nothing in the record that shows defendant would have insisted on a trial had he known that he would be subject to serving ½ of his sentence before being eligible for parole. Appellant cannot claim surprise as to the deadly weapon allegation or finding because the State was clear in its insistence upon the deadly weapon finding at both the guilty plea and sentencing phases of Appellant's hearings. RR III, 34 & RR II, 8

The guilty plea at issue was not made pursuant to a plea bargain. Accordingly, Appellant cannot show that he bargained for a parole agreement or recommendation. Since there was no plea bargain agreement, Appellant cannot show parole was part of a plea bargain because there was no plea bargain.

Since the trial court clearly complied both orally and in writing with **TEX. CODE. CRIM. PROC. ANN. ART. 26.13**, the plea is presumed to be both knowing and voluntary. Appellant can point to no facts which inform this court that his plea was involuntary. He cannot and does not sustain his burden to rebut the presumption that his plea was voluntary.

There simply is nothing in the record to support a finding that Appellant's guilty plea was involuntary. He just got more than he hoped for and now wants to get another trial, again hoping to get a shorter sentence. Appellant's guilty plea and sentence must be affirmed because the evidence and facts of the proceeding taken in their entirety show an intelligent and knowing waiver of rights by the defendant and his attorney.

<u>ISSUE NUMBER TWO</u>

<u>Did the trial court err in attempting to assess repayment of attorney fees as part of the cost in this case?</u>

10

The State takes no position as to whether the trial court erred when it ordered the Appellant to reimburse the County for fees paid by the County to his court-appointed attorney. Frankly, the State is not aware of a procedure by which it could enforce an order of repayment on a prison inmate even if one is valid. The State agrees that the trial court did issue a finding that Appellant was indigent when the trial court appointed Mr. Bennett. CR 11, 12. Unless Appellant won the lottery or received an award or an inheritance, it seems unlikely that his indigent status would change once he began serving his nine year prison sentence. The record does not show any reason for this Court to believe Appellant is no longer indigent.

The State respectfully suggests that if this Court is inclined to grant relief, the proper relief is to amend and reform the judgement, removing the order of payment of attorney fees.

## CONCLUSION

Appellant's guilty plea and nine year sentence was not the result of an involuntary plea and must be affirmed.. The Court would not be wrong were it to order the judgment in this matter be reformed to remove the trial court's order that Appellant reimburse Rusk County for the fees it paid to Appellant's court-appointed attorney, Mr. Bennett.

## PRAYER

**WHEREFORE,** for the reasons stated herein, the State of Texas prays that the Court of Appeals overrule Appellant's Point of Error One and affirm the judgment and sentence of the 4th District Court, Rusk County, Texas, in this case. (albeit with a possible reformation of the judgment

11

removing the attorney fee payment order).

<div style="margin-left: 50%;">

Respectfully submitted,

MICHEAL JIMERSON
Rusk County District Attorney

/s/ Richard W. Kennedy
Richard W. Kennedy
Asst. County and District Attorney
Bar I.D. No. 11296830
115 N. Main St. Suite 302
Henderson, Texas 75652
ph: (903) 657-2265 fax: (903) 657-0329

</div>

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the ____ day of March, 2015, the following have been completed: I filed the brief via elctronic means and sent an electronic copy to Appellant's counsel, Hon. Eb Mobley

<div style="margin-left: 50%;">

/s/ Richard W. Kennedy

Richard W. Kennedy
Asst. District Attorney
Bar I.D. No. 11296850
115 N. Main St. Suite 302
Henderson, Texas 75652
ph: (903) 657-2265 fax: (903) 657-0329

</div>