

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00044-CR

DONALD WAYNE DOWLING, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2229574

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

Donald Wayne Dowling appeals his conviction for possession of a controlled substance, methamphetamine, in an amount of four or more but less than 200 grams.[1] Dowling pled "guilty" without a plea agreement and pled "true" to two enhancement allegations.[2] The trial court sentenced Dowling to fifty years' imprisonment. Because we find that Dowling did not establish that his plea was made involuntarily and he failed to preserve his claim that the State did not properly notice him of its intent to seek an enhanced punishment range, we affirm the trial court's judgment.

## I.   Background

Dowling entered an open plea to the second-degree offense of possession of methamphetamine. At the plea hearing, the trial court erroneously told Dowling that his charge carried the third-degree range of punishment of not less than two and not more than ten years' confinement and a possible fine not to exceed $10,000.00. However, the trial court correctly warned Dowling that two enhancement allegations made by the State could result in a sentence of not less than twenty-five years nor more than ninety-nine years or life incarceration. The following exchange occurred in the trial court:

> [Trial court]: This paperwork says that you intend to give up those rights, you're going to enter a plea of guilty to the possession charge, enter pleas of true to two punishment enhancement paragraphs, which takes the third[-]degree[-] felony offense, but has its objective to a range of punishment under the habitual offender statute. So instead of two to ten years in the State penitentiary with an optional fine of up to $10,000, if convicted, it would have a range of punishment

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Supp.).

[2]*See* TEX. PENAL CODE ANN. § 12.42(d).

of no less than 25 years and no more than 99 years or life in the penitentiary. There's no optional fine under that range of punishment.

Dowling told the court he understood all of that. His counsel described for the court his preparations for and review of the case with Dowling and said that he was "confident that [Dowling] had sufficient time to consider his options and the decisions [he made], and [wa]s doing so freely, knowingly, voluntarily and competently." Dowling agreed, "Yes, sir." Dowling then pled guilty to possession of a controlled substance and true to two prior, sequential felony convictions.[3] The court then recessed and ordered the completion of a presentence investigation (PSI) report.

About three weeks later, the trial court conducted a sentencing hearing. Regarding the prior hearing, the trial court said,

> Mr. Dowling waived his right to a jury trial and entered a plea of guilty to the second[-]degree[-]felony offense of possession of a controlled substance. He also entered pleas of true to two punishment enhancement paragraphs, two consecutive non-state jail felonies, making the second[-]degree felony punishable under the habitual offender statute, if convicted.
>
> . . . .
>
> The range of punishment for this case, again, is confinement in the Texas Department of Criminal Justice for no less than 25 years and no more than 99 years or life in the penitentiary.

The court and the parties then discussed the PSI report, and Dowling testified. The court then sentenced Dowling to fifty years in the Texas Department of Criminal Justice.

---

[3]The written plea admonishments are in the record. Where the forms describe the various punishment ranges, neither box next to the second- or the third-degree felonies is checked. The box is checked next to "**HABITUAL OFFENDER**: A term of life or any term of not more than 99 years or less than 25 years in the Institutional Division of the Department of Criminal Justice."

## II.     Standard of Review

In reviewing a claim that an appellant's plea of guilty was not made voluntarily, we are to review the "entire record." *Williams v. State*, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975) ("The review of the voluntariness of the guilty plea should not be based solely on questions and answers in the statement of facts, but on the record as a whole."). A trial court must admonish a defendant as required by Article 26.13 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (Supp.).[4] "[S]ubstantial compliance by the trial court is deemed sufficient unless the defendant was not aware of the consequences of his plea and was misled or harmed by the admonishment." *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam) (citing TEX. CODE CRIM. PROC. ANN. art. 26.13(c)).

"When . . . the record indicates that the trial court properly admonished a defendant, a prima facie showing exists that the defendant entered a knowing and voluntary plea." *Flores-Alonzo v. State*, 460 S.W.3d 197, 201 (Tex. App.—Texarkana 2015, no pet.). "A defendant may still raise the claim that his plea was not voluntary; however, the burden shifts to the defendant to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm." *Martinez*, 981 S.W.2d at 197. "When a record shows that the trial court delivered an incorrect admonishment regarding the range of punishment, and the actual sentence lies within both the actual and misstated maximum, substantial compliance is attained." *Id.*

---

[4]The court must warn the defendant of the range of punishment, that a plea recommendation or agreement by the State is not binding upon the court, and that, if the defendant is not an American citizen, a finding of guilt could have implications on an application for citizenship or on the defendant's immigration status, among other things. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a).

## III. Analysis

Dowling is correct that, at the plea hearing, the trial court wrongly told Dowling he was pleading guilty to a third-degree felony.[5]  However, and more importantly, the court in the same breath correctly admonished Dowling that, with the two prior convictions the State alleged for enhancement purposes, Dowling faced a habitual-offender punishment range of between twenty-five to ninety-nine years or life in prison.  Three weeks later, at the sentencing hearing, the trial court repeated the correct habitual-offender range of punishment, though at that time he prefaced it by stating the correct punishment range and felony degree of the underlying allegation, a second-degree felony.

Dowling's sentence of fifty years' confinement was within the range of punishment the trial court described to Dowling at the plea hearing and later at the sentencing proceeding.  "Article 26.13 exists to ensure a defendant understands the amount of confinement he faces by going forward with his guilty plea."  *Friemel v. State*, 465 S.W.3d 770, 774 (Tex. App.—Texarkana 2015, pet. ref'd).

This is not a case where the defendant "received more years than the court informed him was possible under the charge against him."  *Myers v. State*, 780 S.W.2d 441, 445 (Tex. App.—Texarkana 1989, pet. ref'd).  For example, in *Weekly v. State*, 594 S.W.2d 96 (Tex. Crim. App. [Panel Op.] 1980), *abrogated on other grounds by Aguirre-Mata v. State*, 992 S.W.2d 495 (Tex. Crim. App. 1999), the court told Weekly he could be sentenced to a maximum of twenty years'

---

[5]"[A] court's failure to properly admonish a defendant cannot be forfeited and may be raised for the first time on appeal unless it is expressly waived."  *Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007).  The record does not contain any express waiver.

imprisonment, but sentenced him to twenty-five years. *Weekly*, 564 S.W.2d at 97. The Texas Court of Criminal Appeals found that that procedure did not substantially comply with Article 26.13 and was reversible error. *Id.* Here, there was no "risk . . . that the defendant was induced to plead guilty by an understatement of the seriousness of the offense and having done so, was harmed by being punished more severely than the trial court held out as the maximum he or she could receive." *Seagraves v. State*, 342 S.W.3d 176, 181 (Tex. App.—Texarkana 2011, no pet.) (quoting 43 GEORGE E. DIX & JOHN M. SCHMOLESKY, TEXAS PRACTICE: CRIMINAL PRACTICE & PROCEDURE § 40.22 (3d ed. 2011)).

In his brief, Dowling claims he "entered his plea of guilty based on the trial court's erroneous admonition that he was pleading to a third-degree felony," with its maximum punishment of ten years in prison. The record does not support this assertion. When the trial court called Dowling's case for the plea hearing, it is clear Dowling already had decided to plead guilty. The trial court called Dowling's case and directed Dowling's attention to "some plea papers," which specified the habitual-offender punishment range, before the range of punishment was discussed.

Also, Dowling testified at length in the sentencing hearing, detailing several felony convictions going back decades. This undermines his appellate assertion that he did not voluntarily plead guilty because he mistakenly thought he was subject to a third-degree punishment range. Rather, this suggests that Dowling was not hiding from his long criminal history and knew he was subject to a significant sentence in the habitual-offender range that had twice been explained to him by the court.

6

Dowling failed to demonstrate that his plea of guilty was not made voluntarily. We overrule this point of error.

## IV. Dowling Waived Any Complaint About Notice of Intent to Seek Enhanced Punishment

Dowling also complains that the State failed to provide sufficient notice of its intent to seek an enhanced punishment range with prior convictions. The indictment included an allegation of a prior felony conviction in 1997. The day of the plea hearing, the State filed a notice of intent to seek an enhanced punishment range that included the 1997 conviction and a 2006 federal conviction. At no time did Dowling complain to the trial court about the sufficiency of the notice to seek enhanced punishment.

To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). Further, the trial court must have "ruled on the request, objection, or motion, either expressly or implicitly," or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2). Because Dowling did not complain of the notice to seek an enhanced punishment range to the trial court, he has not preserved this complaint for our review. *See Nino v. State*, 223 S.W.3d 749, 755 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Callison v. State*, 218 S.W.3d 822, 826 (Tex. App.—Beaumont 2007, no pet.); *Fairrow v. State*, 112 S.W.3d 288, 293 (Tex. App.—Dallas 2003, no pet.).[6]

---

[6]To the extent Dowling asserts a due process violation in what he calls inadequate notice of the enhancement allegations, he did not urge that ground to the trial court. Also, the Texas Court of Criminal Appeals has held that,

7

We affirm the trial court's judgment.[7]

Charles van Cleef
Justice

Date Submitted:    July 21, 2023
Date Decided:    August 10, 2023

Do Not Publish

---

where a defendant offers no defense to an enhancement allegation and does not request a continuance "to discover or prepare a defense," due process is satisfied. *Villescas v. State*, 189 S.W.3d 290, 295 (Tex. Crim. App. 2006). Dowling pled true to both enhancement allegations and never asked for a continuance.

[7]The State chose not to file a responsive brief in this case, as is its prerogative. *See* TEX. R. APP. P. 38.3; *Volosen v. State*, 227 S.W.3d 77, 80 (Tex. Crim. App. 2007). We point out, though, that this is not an appeal brought pursuant to *Anders v. California*, 386 U.S. 738, 743–44 (1967), and Dowling has raised legitimate issues. While the State is not required to respond to an appellant's brief, choosing not to respond denies this Court reasoned answers to an appellant's arguments.