

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00219-CR

_____

TOMMIE JOE SEAGRAVES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court No. 26307

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

O P I N I O N

Tommie Joe Seagraves appeals his conviction for theft greater than $1,500.00 but less than $20,000.00—a state jail felony enhanced by two prior felony convictions to the punishment range of a second degree felony.   The punishment range for a state jail felony is not more than two years or less than 180 days' imprisonment.   *See* TEX. PENAL CODE ANN. § 12.35(a) (Vernon Supp. 2010).   The punishment range for a state jail felony enhanced by two prior felony convictions is not more than twenty years or less than two years' imprisonment.   *See* TEX. PENAL CODE ANN. §§ 12.33, 12.42(a)(2) (Vernon Supp. 2010).   Seagraves argues that he was not properly admonished concerning the range of punishment.   We affirm the judgment.

I.      **Factual and Procedural Background**

After signing a written waiver of his right to a jury trial and being admonished in writing on the punishment range of a state jail felony, Seagraves pled guilty, without a negotiated plea agreement, and signed a written stipulation of the evidence.   Seagraves was not informed of the possible number of years of imprisonment for the enhanced punishment.

After the plea of guilty, the trial court directed Seagraves to appear at the Community Supervision Department so that a Presentencing Investigation (PSI) report could be prepared for use at the punishment hearing.   Several weeks later, Seagraves pled not true to the enhancement allegations and a bench trial was conducted.    After finding both enhancements true, the trial court sentenced Seagraves to fourteen years' imprisonment.   Seagraves' sole issue on appeal is

2

that the trial court committed reversible error when it failed to properly admonish him of the enhanced punishment range. Because the trial court did substantially comply with Article 26.13 and because Seagraves has failed to affirmatively show he did not understand the consequences of his plea and was misled or harmed, we affirm the judgment of the trial court.

## II.    Substantial Compliance with Article 26.13

The trial court must give a series of admonishments to defendants who plead guilty. Seagraves argues[1] his plea of guilty was involuntary because the trial court did not adequately admonish him of the range of punishment in substantial compliance with Article 26.13. TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2010). The State contends the trial court substantially complied with the statute by admonishing Seagraves and that if "some form" of a punishment admonishment is given, the statute has been satisfied.[2] At the plea hearing, the following colloquy occurred:

> THE COURT:   All right.   [Defense Counsel], come up and announce with your client.   That's Seagraves.
>
> [Defense Counsel]:   Yes, sir.

---

[1] "[A] court's failure to properly admonish a defendant cannot be forfeited and may be raised for the first time on appeal unless it is expressly waived." *Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007). The record does not contain any express waiver.

[2] The trial court may make the admonitions either orally or in writing. TEX. CODE CRIM. PROC. ANN. art. 26.13(d); *Munoz v. State*, 840 S.W.2d 69, 75 (Tex. App.—Corpus Christi 1992, pet. ref'd). Seagraves was admonished pursuant to a boilerplate written plea admonishment. Only the box next to the state jail felony was marked. Pursuant to a handwritten correction (crossing out the preprinted ten-year maximum and replacing it with a two-year maximum), this part of the form admonished Seagraves that he faced "confinement for a term of not more than two years nor less than 180 days . . . ." Although the form contained several admonishments for enhancements, none of the boxes next to these enhancements were marked.

3

THE COURT: I see him. All right. This is a state jail felony theft and is there an offer?

[The State]: It's also alleged to be enhanced up to a second.

THE COURT: Oh, up to a second.

Later during the guilty plea process, the trial court told Seagraves that the "State is trying to allege other cases against you, up to second degree punishment. You know that?" Seagraves answered, "Yes, sir." This exchange references that the State had alleged enhancements which would increase the punishment range to a second degree felony, but not the numerical range of "second degree punishment."

While there is not a record of Seagraves entering any plea to the two alleged enhancement offenses, it is clear that the parties and the judge understood that Seagraves was contesting those allegations.[3] We view the posture of this case as being a plea of guilty to the underlying offense and a plea of not true to the enhancement allegations.[4]

The State argues that "[r]eceiving some form of admonishment is deemed substantial

[3]At the plea hearing, August 12, 2010, defense counsel stated, "[The State] pled two priors and I was – we – we plead true to one, but it doesn't do the enhancement." The trial court acknowledged that Seagraves was entering a guilty plea and would have a sentencing hearing after the PSI report was completed and told counsel "he can plead not true to the enhancements." At a hearing on September 20, defense counsel told the judge that "based on what's in the indictment we were going to argue the law and—and we haven't pled true to the enhancements." The court acknowledged, "He's always plead [sic] not true to them." At the sentencing hearing on September 30, the judge again stated, "He's maintained not true to all these charges . . . ." After the State presented evidence of the prior offenses, defense counsel conceded.

[4]Seagraves did not object at trial or argue on appeal that the trial court erred by failing to read, on the record, the enhancement allegations and accept a plea. Although the better practice is to read the enhancement and accept a plea, the failure to do so—in a trial before the court—is not error. *Seeker v. State*, 186 S.W.3d 36, 39 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd); *Simms v. State*, 848 S.W.2d 754, 755 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd).

4

compliance" with the statutory requirement. In support of this argument, the State cites *Martinez v. State*, 981 S.W.2d 195, 196 (Tex. Crim. App. 1998), and *Gonzales v. State*, 746 S.W.2d 902 (Tex. App.—Corpus Christi 1988, no pet.), as precedent. *Martinez*, though, did not hold substantial compliance will be found whenever an admonition, no matter how erroneous, is given. *Martinez* merely held the trial court substantially complied with Article 26.13 when the actual sentence was within the range of the erroneous admonishment. *Martinez*, 981 S.W.2d at 196. The facts of *Gonzales* are very similar to this case–the defendant pled guilty to the underlying offense and not true to the enhancement allegations. The trial court admonished Gonzales only about the range of punishment for the primary offense, not the enhancement allegations. After proof of the prior convictions were established, Gonzales was sentenced to the enhanced punishment. The court of appeals held the admonishment was substantially in compliance with the statutory requirement since the trial court advised Gonzales of the range of punishment for the primary offense ("the only allegation to which he pled guilty"). *Gonzales*, 746 S.W.2d at 905.

Although an incomplete or erroneous admonishment is often found to be in substantial compliance,[5] substantial compliance will not always be found when some form of admonition has been given. In *Weekley v. State*, the trial court informed the defendant that he could receive a maximum of twenty years, and then the trial court sentenced him to twenty-five years. 594 S.W.2d 96 (Tex. Crim. App. [Panel Op.] 1980), *modified sub silencio on other grounds by High v.*

---

[5]*See Martinez*, 981 S.W.2d at 197; *Hughes v. State*, 833 S.W.2d 137, 140 (Tex. Crim. App. 1992) (citing *Weekley v. State*, 594 S.W.2d 96 (Tex. Crim. App. [Panel Op.] 1980)).

*State*, 964 S.W.2d 637, 638 (Tex. Crim. App. 1998).[6]   The Texas Court of Criminal Appeals held

the trial court did not substantially comply with Article 26.13.   *Id.*   This Court has previously

noted one of the circumstances where the Texas Court of Criminal Appeals has found a lack of

substantial compliance is when an erroneous admonition was given and the defendant received

more years than the court informed him was possible under the charge against him.[7]

The difference between an actual sentence which is within the range of the admonishment

given to the defendant, *see, e.g.*, *Martinez*, 981 S.W.2d at 196, and an actual sentence that exceeds

the range of the admonishment is profound.   We agree with Dix and Dawson that "[t]he risk in

cases of this type is that the defendant was induced to plead guilty by an understatement of the

seriousness of the offense and having done so, was harmed by being punished more severely than

---

[6]Since the decision in *Weekley*, the Texas Court of Criminal Appeals has held a failure to substantially comply with Article 26.13 should be reviewed for harmless error.   *See High*, 964 S.W.2d at 638; *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).   We are not aware of any opinion of the Texas Court of Criminal Appeals which disavows the substantial compliance analysis contained in *Weekley*.   We note that the Texas Court of Criminal Appeals has favorably cited *Weekley*.   *Hughes*, 833 S.W.2d at 140; *Robinson v. State*, 739 S.W.2d 795, 801 (Tex. Crim. App. 1987).   Recently, the Texas Court of Criminal Appeals has made the following statement:   "When there is insufficient admonition, whether by total failure to admonish or an admonition that is not in substantial compliance . . . . "   *Anderson v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006).   This statement suggests that an admonition can be given, but still not be in substantial compliance.

[7]*Myers v. State*, 780 S.W.2d 441, 445 (Tex. App.—Texarkana 1989, pet. ref'd); *see Warren v. State*, No. 06-08-00116-CR, 2009 Tex. App. LEXIS 361 (Tex. App.—Texarkana Jan. 22, 2009, no pet.) (mem op., not designated for publication); *see also Jenkins v. State*, No. 01-09-00524-CR, 2011 Tex. App. LEXIS 316 (Tex. App.—Houston [1st Dist.] Jan. 13, 2011, no pet. h.) (mem. op., not designated for publication) ("When, however, the defendant receives a greater sentence than the court informed the defendant was possible, the admonishment does not substantially comply."); *Sifuentes v. State*, Nos. 04-08-00327-CR, 04-08-00328-CR, 04-08-00329-CR, 2009 Tex. App. LEXIS 6916 (Tex. App.—San Antonio Aug. 31, 2009, no pet.) (mem. op., not designated for publication) (finding lack of substantial compliance when defendant received "a greater sentence that the court advised was possible"  but finding error harmless) [Although these unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed."   *Carillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)]; DIX & DAWSON, *supra*.

the trial court held out as the maximum he or she could receive." 43 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE & PROCEDURE § 34.41 (West 2001). We reject the State's argument that substantial compliance will always be found when some form of admonition has been given.

We conclude, however, that the trial court did substantially comply under the facts of this case. Texas law requires that the trial court admonish the defendant as to the range of punishment upon an entry of a plea of guilty or nolo contendere. TEX. CODE CRIM. PROC. ANN. art. 26.13. The question in this case is whether or under what circumstances the trial court is required to admonish the defendant of the range of punishment for the enhanced punishment. Since Texas has a bifurcated trial procedure, where guilt is determined in one proceeding and punishment in another, it has been held that the provisions of Article 26.13 do not apply to the separate punishment trial. *Sylvester v. State*, 615 S.W.2d 734, 736 (Tex. Crim. App. 1981). This was true even if the defendant entered a "true" plea to the enhancement allegations during the punishment proceeding. *Id*. An admonishment on the potential punishment range if the defendant pleads true to the enhancements is the better practice, but the statute does not require it. *Harvey v. State*, 611 S.W.2d 108, 112 (Tex. Crim. App. 1981).

But if the defendant enters a guilty plea from the outset or even during the guilt/innocence stage, the proceeding is no longer a bifurcated one; there is only one proceeding, and that is to

7

determine punishment.[8]   Logic would dictate that if it is not necessary to instruct a defendant on the enhanced range of punishment even when he or she pleads true to the enhancement allegation, it would not be necessary to admonish of the enhanced range when the defendant pleads guilty to the primary offense and not true to the enhancement allegations.

This very question came before the Texas Court of Criminal Appeals in *Ricondo v. State*, where a defendant changed his plea to guilty during the first stage, but he was not admonished of the enhancement punishment.   634 S.W.2d 837, 843 (Tex. Crim. App. 1981).   In *Ricondo*, the defendant pled guilty during a guilt stage trial and the trial court conducted the trial as if it were bifurcated, entering a plea of not true for the defendant, who refused to plead, the State presented its evidence of the convictions, and the jury was instructed the State must prove the enhancement allegations beyond a reasonable doubt.   *Id*.   The court criticized the trial court for treating the proceeding as bifurcated, but found no reversible error.   *Id*.

Here, the trial was to the court and the defendant originally entered a plea of guilty to the underlying charge.   From the outset, it was clear that the defendant planned to contest the enhancement allegations.    The matter was treated as a bifurcated trial, a PSI report was ordered, the defense attorney announced the plea would be not true, and a trial was conducted at a later date where the State was required to prove the enhancement allegations.

---

[8]When a defendant waives his or her right to a jury and pleads guilty or nolo contendere before the court, the proceeding is best characterized as an extended unitary trial punctuated by a recess in its middle.   *Saldana v. State*, 150 S.W.3d 486, 489 (Tex. App.—Austin 2004, no pet.); *see Barfield v. State*, 63 S.W.3d 446, 450–51 (Tex. Crim. App. 2001).

Seagraves has not directed this Court to any cases—and we are aware of none—reversing the trial court when the defendant enters a plea of guilty and is properly admonished for the underlying offense, but is not admonished as to the range of punishment for the enhancement allegations. Here, Seagraves was properly, in writing, admonished as to the allegation for which he pled guilty, as required by Article 26.13. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13. The written admonishment informed Seagraves the maximum sentence was two years in prison. The entire matter was treated as a bifurcated trial and the "punishment hearing" was contested.

Further, even though Seagraves was not specifically instructed concerning the enhanced punishment range, the trial court did advise him that other cases were alleged against him, causing the punishment to go "up to second degree punishment." Under these circumstances, where all parties treated this as a bifurcated trial (at which enhancement admonishments are unnecessary), and since the trial court properly admonished Seagraves on the underlying offense and advised him that other charges raised his punishment to a second degree felony, we find the statute was substantially complied with. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(c).

## III. Seagraves Has Not Affirmatively Shown He Did Not Understand the Consequences

Next, we must determine whether Seagraves has affirmatively shown he did not understand the consequences of his plea. Subsection (c) of Article 26.13 provides:

> In admonishing the defendant . . . substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

TEX. CODE CRIM. PROC. ANN. art. 26.13(c). If the trial court substantially complies with Article 26.13,[9] the defendant has the burden, under Article 26.13(c), to show he or she pled guilty without understanding the consequences of that plea and, consequently, suffered harm. *Martinez*, 981 S.W.2d at 197; *Redd v. State*, No. 06-08-00001-CR, 2008 Tex. App. LEXIS 7969 (Tex. App.—Texarkana Oct. 20, 2008, no pet.) (mem op., not designated for publication).

Neither party has directed this Court to where in the record there is evidence that Seagraves did not understand the consequence of his plea and was misled or harmed. Several references in the record indicate Seagraves was advised that a greater punishment was possible. Early in the plea proceeding, the State stated the charge was "alleged to be enhance[d] up to a second." The trial court advised that Seagraves could plead not true to the enhancement allegations. The trial court advised Seagraves the State alleged other cases against him, raising the punishment to a second degree felony. Seagraves returned for a punishment hearing several weeks later, when the trial court again stated the punishment level alleged was on a "second degree basis." At punishment, when asked if he understood that the trial court had found the remaining enhancement true, which enhanced the punishment range to a second degree felony, Seagraves replied, "I guess." The State produced evidence of the prior convictions and connected Seagraves to them

---

[9]When the trial court does not substantially comply with Article 26.13, subsection (c) of Article 26.13, which places the burden on the defendant, does not apply. In *High*, the Texas Court of Criminal Appeals announced that failure to substantially comply with Article 26.13 would be subject to harm analysis under Rule 44.2. *High*, 964 S.W.2d at 638. No burden of proof is assigned to either party by Rule 44.2(b). *See Burnett v. State*, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002); *see also* TEX. R. EVID. 44.2(b).

10

by fingerprint evidence. The record is silent concerning whether Seagraves understood the applicable punishment.[10] Our own review of the record did not find any evidence affirmatively establishing Seagraves was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

It was Seagraves' burden, under TEX. CODE CRIM. PROC. ANN. art. 26.13(c), to establish he did not understand the consequences of his plea and was misled or harmed. Seagraves has failed to meet this burden.

For the reasons stated, we affirm the judgment of the trial court.


Jack Carter
Justice


Date Submitted:     April 4, 2011
Date Decided:       May 5, 2011

Publish

---

[10]We note the Texas Court of Criminal Appeals has repeatedly stated, in dicta, that a silent record will not establish the failure to substantially comply with Article 26.13 of the Texas Code of Criminal Procecure was harmless. *See Bessey*, 239 S.W.3d at 813; *Fakeye v. State*, 227 S.W.3d 714, 717 (Tex. Crim. App. 2007); *Aguirre-Mata v. State*, 125 S.W.3d 473, 476–77 (Tex. Crim. App. 2003); *Burnett*, 88 S.W.3d at 639; *cf. Boykin v. Alabama*, 395 U.S. 238 (1969). These statements, though, were made in the context of a harmless error analysis when the trial court did not substantially comply. The trial court in this case, though, did substantially comply and subsection (c) of Article 26.13, which places the burden on the defendant, does apply.