

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-12-00031-CR
_____

JAMEL DE'SHON COOPER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 10-0263X

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

On June 29, 2010, a Harrison County grand jury returned a three-count indictment against Jamel De'Shon Cooper for the capital murder of Lashun Jenkins. Cooper entered an open plea of guilty to the offense of murder in exchange for the agreed amendment of his indictment to delete the kidnapping element that raised the offense to capital murder. During the plea hearing, Cooper's counsel stated that he had explained the law of parties to Cooper. Cooper was sentenced to ninety-nine years' imprisonment.

On appeal, Cooper contends that the trial court failed to adequately admonish him "as to the effect of the law of parties on his culpability and sentence for the murder."

We affirm the judgment because the trial court had no duty to admonish Cooper regarding the law of parties.

In his sole point of error, Cooper argues, as best we can determine, that his plea was not knowing and voluntary because the trial court failed to adequately admonish him as to the effect of the law of parties[1] on his culpability and sentence for murder.

A plea of guilty or nolo contendere may be accepted by a court if the plea is freely and voluntarily entered. *See Lee v. State*, 39 S.W.3d 373, 375 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2011)). When reviewing a challenge to the voluntariness of a plea, we view the record as a whole and determine by the

---

[1]Under Sections 7.01 and 7.02 of the Texas Penal Code, one person may be held criminally responsible for an offense committed by another by promoting, soliciting, encouraging, directing, aiding, or attempting to aid the commission of the offense. TEX. PENAL CODE ANN. §§ 7.01–.02 (West 2011).

totality of the circumstances whether the plea was entered voluntarily. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam).

Before accepting a plea of guilty or nolo contendere, Article 26.13 requires the trial court to give certain admonitions to the defendant. TEX. CODE CRIM. PROC. ANN. art. 26.13. "Reviewing courts look for 'substantial compliance' with the statutory requirement" of Article 26.13 relating to the giving of admonitions. *VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007). The court may make the admonitions either orally or in writing. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(d). If the court gives the written admonitions, the court "must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea." *Id*.

When the record reflects that a defendant was properly admonished, it presents a prima facie showing that the guilty pleas were made knowingly and voluntarily. *Martinez*, 981 S.W.2d at 197. Faced with this prima facie showing, the burden then shifts to the defendant to demonstrate that his pleas were not voluntary. *Id*. A defendant who attests when he enters his plea of guilty that he understands the nature of his plea and that his plea is voluntary has a heavy burden on appeal to show that the plea was entered involuntarily or without knowledge of its consequences and how he was harmed. *Ex parte Gibauitch*, 688 S.W.2d 868 (Tex. Crim. App. 1985); *see Houston v. State*, 201 S.W.3d 212, 217 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd).

3

The record in this case clearly shows that Cooper received the required admonishments, both orally and in writing. Therefore, it was Cooper's burden, under TEX. CODE CRIM. PROC. ANN. art 26.13(c), to establish that his plea was involuntary or that he did not understand the consequences of his plea and, consequently, was harmed. *See Seagraves v. State*, 342 S.W.3d 176, 183 (Tex. App.—Texarkana 2011, no pet.).

Here, Cooper does not challenge the fact that he was properly admonished under Article 26.13; rather, Cooper contends that the trial court erred by failing to adequately admonish him regarding the consequences and implications of the law of parties. He cites no statute or caselaw indicating that the trial court has a duty to admonish him regarding the law of parties, and we are aware of none. Cooper also fails to cite anything in the record indicating that his plea was involuntary or unknowingly made. Accordingly, Cooper has failed to rebut the heavy presumption that his plea was voluntary and knowing. We overrule his point of error and affirm the trial court's judgment. *See Houston*, 201 S.W.3d at 217.

Bailey C. Moseley
Justice

Date Submitted:    June 19, 2012
Date Decided:     June 26, 2012

Do Not Publish