**FILED**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI - EDINBURG

**7/27/15**

**CECILE FOY GSANGER, CLERK**
BY DTello

ACCEPTED
13-14-723-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/27/2015 5:31:58 PM
CECILE FOY GSANGER
CLERK

Cause No. 13-14-723-CR

IN THE THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI and EDINBURG, TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/27/2015 5:31:58 PM
CECILE FOY GSANGER
Clerk

**GUADALUPE RICHARDSON**,
      Appellant

**V.**

**STATE OF TEXAS**,
      Appellee

Appealed from Cause No. 09-CR-2645-G in the 319th Judicial District Court, Nueces County, Texas, the Hon. David Stith presiding.

---

## APPELLANT'S AMENDED ANDERS BRIEF

---

Respectfully submitted by:

Rene C. Flores
715 Artesian
Corpus Christi, TX 78401
(361) 888-5671
(361) 887-7009 (fax)

## List of Parties and Counsel

**Appellant**

Mr. Guadalupe Richardson
TDCJ # 1970285
Terrell Unit
1300 FM 655
Richardson, TX 77583

**Appellant's Trial Counsel**

Mr. Ruben Tijerina
Law Office of Ruben Tijerina
P.O. Box 892
Corpus Christi, TX 78403

**Appellant's Appellate Counsel**

Rene C. Flores
715 Artesian
Corpus Christi, TX 78401

**Appellee State of Texas's Trial and Appellate Counsel**

Ms. Kelly Palmarozzi
Mr. Jim Rosenkild
Assistant Nueces County District Attorney
Nueces County District Attorney's Office
Nueces County Courthouse
901 Leopard St.
Corpus Christi, TX 78401

# Table of Contents

List of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    I. Anders statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    II. The signed admonishments do not identify the original charge by
        offense, date of offense, or date of community supervision. . . . . . . . 5

        III. The trial court failed to admonish defendant that he could proceed
        pro se. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Certificate of Compliance and Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# Index of Authorities

**Cases**

*Adams v. United States ex rel. McCann*, 317 U.S. 269 (1942) . . . . . . . . . . . . . . . . 6

*Anders v. California*, 386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Anderson v. Sheppard*, 856 F.2d 741 (6th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . 7

*Brown v. State*, 13-12-00067-CR (Tex. App.–Corpus Christi 3-14-2013) . . . . . . . 7

*Collier v. State*, 959 S.W.2d 621 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . . . 6

*Faretta v. California*, 422 U.S. 806 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Seagraves v. State*, 342 S.W.3d 176 (Tex. App. –Texarkana 2011, no pet.) . . . . . 7

*United States v. Conder*, 423 F.2d 904 (6th Cir. 1970) . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006) . . . . . . . . . . . . . . . . . . . . . 7

*Williams v. State*, 252 S.W.3d 353 (Tex. Crim App. 2008) . . . . . . . . . . . . . . . . 6, 7

## Statement of the Case

This appeal is brought from a proceeding to adjudicate guilt and revoke community supervision of the defendant in *State of Texas vs. Guadalupe Richardson*, Cause No. 09-CR-2645-G in the 319th Judicial District Court, Nueces County, Texas, the Hon. David Stith presiding.

Pursuant to a plea agreement (CR p. 42), Mr. Richardson pleaded guilty on June 4, 2010, to the second degree felony offense of aggravated assault with a deadly weapon. CR pp. 43-45. The court followed the agreement and placed him on deferred adjudication community supervision for five years. CR 43.

## Issues Presented

Whether the trial court is required to admonish a defendant in a revocation proceeding that he has a constitutional right to self-representation.

Whether admonishments in a revocation proceeding are sufficient when they fail to specify the offense charged, date of offense, or date of community supervision order.

## Statement of Facts

Guadalupe Richardson was charged by indictment of aggravated assault with a deadly weapon.  CR 5.  On June 4, 2010, he pleaded guilty pursuant to a plea agreement and received 5 years deferred adjudication community supervision. CR 43.

On July 25, 2013, Defendant committed the misdemeanor offense of Driving Under the Influence of Drugs, and he was found guilty on August 28, 2014.  SX 1. On September 25, 2014, he was found guilty and sentenced for misdemeanor assault, but the documents do not show the date on which the offense occurred.  SX 1.  On October 22, 2014, the State filed a Motion to Revoke Community Supervision.  CR 61.  The State alleged Mr. Richardson pleaded guilty to DWI and family violence assault in Virginia on August 28, 2014, and Mr. Richardson failed to complete AIR and BIPP classes and the Felony Victim Impact Panel.  CR 62. Mr. Richardson was arrested and completed an affidavit of indigency, requesting appointed counsel.  CR 50.

On November 24, 2014, Mr. Richardson appeared with appointed counsel, signed admonishments that left blank the underlying offense, date of offense, and date of imposition of community supervision.  CR 54.  The trial court inquired of Mr. Richardson if he could speak English, was a citizen, was ever an MHMR patient, was on medication at the time of the hearing, understood the proceedings, the allegations

1

in the motion to revoke probation, and the range of punishment. RR Vol. 2, pp. 3-6. The court asked Mr. Richardson if he was satisfied with the advice given by counsel. RR Vol. 2, p. 6, ll. 9-11. The trial court admonished Mr. Richardson that there are no plea bargains in revocation proceedings. RR Vol. 2, p. 6, ll. 12-16. It admonished Mr. Richardson that he had 30 days to appeal the decision and would have counsel appointed on request if he could not afford one. RR Vol. 2, p. 6, ll. 16-20. At one point, Mr. Richardson said he was forced to plead true, but upon further questioning by the court, he admitted he was not forced to plead true but was doing so voluntarily. RR Vol. 2, p. 8, ll. 1-12.

Mr. Richardson pleaded true to the allegations. RR Vol. 2, p. 7, ll. 1-15. He explained the circumstances of the family violence assault in Virginia as a disagreement with his spouse that was overblown by his stepson who wanted his father back. RR Vol. 2, p. 9, ll. 12-21. He nevertheless admitted to pleaded guilty to or was found guilty of the charge in Virginia then and pleaded true to the allegation in Texas at the revocation hearing. RR Vol. 2, p. 10, ll. 17-22.

Mr. Richardson explained his failure to complete the required classes as being approved by the probation officer in Virginia due to his medical condition (cancer treatment) and to his continuing education (obtaining a degree in medical technology). RR Vol. 2, pp. 13-16.

The community supervision officer recommended a 90 day jail sanction, zero tolerance, but continued on deferred adjudication. RR Vol. 2, p. 19, ll. 22 through p. 20, l. 5. Defense asked for a 30 day sanction but indicated a willingness to abide by the 90 day recommendation of the community supervision officer, with Mr. Richardson continued on deferred adjudication since he was close to the end of his probationary period. RR Vol. 2, pp. 20-21. The State asked for revocation and low pen time or to revoke, adjudicate, and place him back on community supervision. RR Vol. 2, p. 21, l. 24 through p. 22, l. 5

The trial court revoked community supervision, found Mr. Richardson guilty, and sentenced him to two years. RR p. 22, ll. 12-19. Mr. Richardson timely appealed on December 10, 2014. CR 67.

## Summary of the Argument

Counsel for Appellant-Defendant has reviewed the record and determined that no non-frivolous basis for appeal exists. Counsel has determined some irregularities in the proceedings that are worthy of complaint but do not constitute reversible error. Hence, Counsel files this brief to comply with the requirements of *Anders v. California*, 386 U.S. 738 (1967), illustrating what he considers to items in the record that arguably support an appeal. Counsel has filed a motion to withdraw.

Counsel has taken the additional steps:

1) Sending to the client on July 17, 2015, a form for filing a Pro Se Motion to Examine the Record which included a motion for extension of time to file pro se brief,

2) Informed the client of his right to file a pro se brief in reply in this Honorable Court and of his right to file a pro se Petition for Discretionary Review in the Court of Criminal Appeals in the event this Honorable Court determines the appeal is frivolous.

## Argument

### I. Anders statement

Defendant's counsel has reviewed the record and finds no non-frivolous grounds for appeal. Defendant pleaded true to the allegations in the motion to revoke community supervision, the motion was filed before the expiration of the period of communisty supervisionguilty to the offense charged, the court found the allegations to be true, revoked community supervision, adjudicated him guilty, and sentenced him to the minimum sentence for the underlying offense. All the actions by the trial court were within its broad scope of discretion. Defendant's counsel has determined there is the possibility that this Court may find there is some merit to the arguments outlined below.

A motion to withdraw is being filed simultaneously with this brief. Both are being mailed US Mail CMRR #7006 0810 0003 9567 5861 to

Mr. Guadalupe Richardson
TDCJ # 1970285
Terrell Unit
1300 FM 655
Richardson, TX 77583

**II. The signed admonishments do not identify the original charge by offense, date of offense, or date of community supervision**.

The admonishments signed by Mr. Richardson do not specify the offense for which he was placed on community supervision, the date of the offense, or the date on which community supervision was imposed. The trial court did not inquire if he was the same Guadalupe Richardson that was placed on community supervision on June 4, 2010, for aggravated assault.

Undersigned counsel has found no cases to support an argument that a trial court's decision to revoke community supervision is rendered void or voidable for lack of a recitation in the record that the defendant agrees that he was the person placed on community supervision on the certain date for the certain offense. Moreover, no objection was made to the trial court that Mr. Richardson was not the defendant in Cause No. 09-CR-2645-G, and he testified in a fashion showing that he

5

was the defendant, acknowledging the requirements of attending AIR and BIPP classes. RR Vol. 2, pp. 13-16. Furthermore, his attorney argued for continuing Mr. Richardson on community supervision, noting he was nearing the end of that supervisory period (scheduled to expire June 4, 2015).

**III. The trial court failed to admonish defendant that he could proceed pro se.**

The Sixth Amendment guarantees criminal defendants the right to represent themselves at trial. *Faretta v. California*, 422 U.S. 806, 819-20 (1975). The right of self-representation and the right to counsel are "two faces of the same coin, in that the waiver of one right constitutes a correlative assertion of the other." *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970) (internal quotation marks and citation omitted). The Sixth Amendment contains the right to self-representation, where the defendant voluntarily and intelligently requests to represent himself. *Faretta*, 422 U.S. at 807, 818-20, 835; *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim App. 2008). A defendant who has chosen to proceed pro se should be admonished about "the dangers and disadvantages of self-representation, so that the record will establish that `he knows what he is doing and his choice is made with his eyes open.'" *Faretta*, 422 U.S. at 835 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)). In other words, for a waiver of counsel to be made voluntarily and intelligently in this context, it must be made "with a full understanding of the right to counsel, which is being abandoned"; generally, the record must reflect that the trial court "thoroughly" warned and admonished the defendant about proceeding pro se. *Collier v. State*, 959 S.W.2d 621, 626 & n.8 (Tex. Crim. App. 1997). Furthermore, the Texas Court of Criminal Appeals has "recognized that when the record does not

7

affirmatively show that the defendant was sufficiently admonished as required by Faretta, it is reversible error, not subject to a harm analysis." *Williams*, 252 S.W.3d at 35. This analysis applies to probation revocation proceedings. *See Brown v. State*, 13-12-00067-CR (Tex. App.–Corpus Christi 3-14-2013).

The Sixth Amendment also guarantees that a defendant who can hire his own attorney has a right, independent and distinct from the right to effective counsel, to be represented by the attorney of his choice. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 147-48 (2006). The right to retain counsel has even been held by some courts to so fundamental that denial of the right does not require a harm analysis. *See, e.g., Anderson v. Sheppard*, 856 F.2d 741, 749 (6th Cir. 1988).

However, this is not a case in which the trial court denied a request to defend one's self pro se. This is merely a case in which it is arguably error for the trial court to fail to admonish the defendant of his right to appear pro se. Defendant did not ask to appear pro se, and actually requested counsel to be appointed. CR 50. There being no objection to proceeding with appointed counsel, there is no error preserved. Furthermore, in admonishing the defendant on an original adjudication, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. *Seagraves v. State*, 342 S.W.3d 176, 181-82 (Tex.

App. –Texarkana 2011, no pet.); Tex. Code Crim. Proc. Ann. art 26.13.

Accordingly, in the event this Honorable Court is of the opinion this issue presents a non-frivolous point for appeal, Appellant would respectfully request this Honorable Court order further briefing.

## Prayer

Appellant, Guadalupe Richardson, respectfully requests this Honorable Court review the proceedings below for error, and upon finding an arguable basis for appeal request briefing on the merits of the points or direct the trial court to appoint new counsel to brief the issues.  Appellant requests all relief to which he may be entitled, including general relief.

Respectfully submitted,


 /s/ *Rene C. Flores*
Rene C. Flores
State Bar No. 00784063
715 Artesian
Corpus Christi, TX 78401
(361) 888-5671
(361) 887-7009 (fax)
Attorney for Appellant

9

**Certificate of Compliance and Service**

I, Rene C. Flores, certify that this brief contains 1612 words in those matters not exempted by Rule 9. I further certify I delivered a copy of this brief to the Nueces County District Attorney by the State Electronic filing service on July 17, 2015, and via US Mail CMRR # to

Mr. Guadalupe Richardson
TDCJ # 1970285
Terrell Unit
1300 FM 655
Richardson, TX 77583

                                             /s/ *Rene C. Flores*
                                             Rene C. Flores